UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Timothy McWilliams, | ) | CASE NO.  5:07CV3700 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| S.E. INC., et al., | ) | [RESOLVING DOC. 194] |
| | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiff's motion to vacate this Court's order dated August 26, 2008.  The motion is DENIED.

As this Court's prior order was not a final order, Plaintiff's motion will be construed as a motion for reconsideration.  This Court has previously denied motions that follow a similar path to the argument raised by Plaintiff.

> [Plaintiff] apparently seeks to remedy a clear legal error, or to prevent an obvious injustice.  However, the movant asserts nothing new that was not already previously presented to the Court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2nd Cir.1995) (a motion to reconsider should not be granted where the moving party seeks only to relitigate an issue already decided); *Torre v. Federated Mutual Insurance Co.*, 906 F.Supp. 616, 618 (D.Kan. 1995) ("A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected."), *aff'd*, 124 F.3d 218 (10th Cir. 1997) (table).

*Metro Hydroelectric Co., LLC v. Metro Parks*, Case No. 5:06CV1778, 2007 WL 582311, at *3 (N.D.Ohio Feb. 20, 2007).

In his motion, Plaintiff initially does nothing more than rehash argument previously rejected by this Court.  The Court finds no reason to revisit those arguments.  Furthermore, Plaintiff seeks to revisit the issue of implied preemption, contending that *Wyeth v. Levine*, 129

S.Ct. 1187 (2009) altered the legal landscape with respect to this issue. *Wyeth* dealt with the issue of whether FDA warnings preempted state failure to warn claims. While the arguments may be similar, they are not identical. Moreover, there is no clear indication in *Wyeth* that would cause this Court to believe that it overruled the Sixth Circuit cases relied upon previously by this Court.

The Court also questions the timeliness of Plaintiff's motion. This Court dismissed the failure to warn claims on August 26, 2008. *Wyeth* was decided on March 4, 2009. Plaintiff, however, did not seek reconsideration in reliance on *Wyeth* until June 30, 2009. By that time, Strong had moved for summary judgment and the briefing of that motion was closed. The motion to vacate was not filed until after all discovery, including expert discovery, had come to a conclusion. As such, aside from the above finding that the motion lacks merit, it appears untimely.

For the reasons stated above, the motion is DENIED.


DATED: October 29, 2009        __*/s/ John R. Adams*_____
                                                  JUDGE JOHN R. ADAMS